

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| NUTRA MANUFACTURING, INC., f/k/a Nutricia Manufacturing USA, Inc., | § § § |
| Plaintiff, | § § |
| vs. | §   CIVIL ACTION NO. 6:05-431-HFF § |
| PHARMLINE, INC., | § § |
| Defendant/Third Party Plaintiff, | § § |
| vs. | § § |
| HSU'S GINSENG ENTERPRISES, INC., | § § |
| Third Party Defendant. | § § |

ORDER

## I.    INTRODUCTION

This is a contract dispute over which the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Pending before the Court is Third Party Defendant Hsu's Ginseng Enterprises, Inc.'s (Hsu's) Fed. R. Civ. P. 12(b)(2) motion to dismiss the third party complaint for lack of personal jurisdiction. Based on the following, the Court will grant Hsu's motion.

1

## II.   STANDARD OF REVIEW

A plaintiff bears the burden of proving, by a preponderance of the evidence, that a court has personal jurisdiction over a defendant.  *New Wellington Financial Corp. v. Flagship Resort Development Corp.*, 416 F.3d 290, 294 (4th Cir. 2005).  Where, however, the court addresses the issue of personal jurisdiction without conducting an evidentiary hearing, "the burden on the plaintiff is simply to make a *prima facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Id.*  In making this prima facie showing, a plaintiff is entitled to deference, as a court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction."  *Id.*

## III.   DISCUSSION

In South Carolina, the usual two-step inquiry into personal jurisdiction is collapsed into one step.  Because South Carolina's long arm statute extends personal jurisdiction to the full reach permitted by the Due Process Clause, *Southern Plastics Co. v. Southern Commerce Bank*, 310 S.C. 256, 260, 423 S.E.2d 128, 130-31 (1992), a court need examine only whether its exercise of jurisdiction over a party would comport with due process requirements.  *Federal Ins. Co. v. Lake Shore, Inc.*, 886 F.2d 654, 657 n.2 (4th Cir. 1989).  In answering this inquiry, the Court uses a two-prong test.  First, a party must have minimum contacts with South Carolina.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985).  This prong can be satisfied by meeting any of three requirements: (1) the purposeful direction of activities or contact with South Carolina (purposeful availment); (2) connections with South Carolina such that a party should reasonably anticipate litigation here; (3) the purposeful direction of activities at residents of South Carolina and litigation

arises out of those activities. *Id.*, at 472-75. Once the first prong is satisfied, a presumption of proper jurisdiction arises, *id.* at 475-76, and the Court moves to the second prong. This second prong requires that the exercise of personal jurisdiction be consistent with traditional notions of fair play and substantial justice. *Id.* In determining whether the "fairness" prong is satisfied, the Court examines factors such as the burden on the defendant who must litigate in South Carolina, the adjudicative interest in litigating in South Carolina, the plaintiff's interest in convenience, the Court's interest in judicial efficiency, and South Carolina's policy interest. *Id.* at 477. Only if both prongs are satisfied is personal jurisdiction over a party proper.

Here, Third Party Plaintiff Pharmline, Inc. (Pharmline) asserts that personal jurisdiction over Hsu's is proper based on several alleged facts. First, Pharmline alleges that it entered into a contract with Hsu's, whereby Hsu's supplied ginseng root to Pharmline for distribution to Plaintiff Nutra Manufacturing, Inc. (Nutra) and others. Second, Pharmline asserts that the purchase orders and confirmations between Pharmline and Hsu's, along with those between Pharmline and Nutra, create an inference that Hsu's had a contract to supply its products in South Carolina. Further, Pharmline alleged that it had a supplier-wholesaler relationship with Hsu's, meaning that Hsu's, as a supplier, availed itself of South Carolina's markets when Pharmline distributed its products.

The Court views Pharmline's allegations as true for purposes of this Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction. *See New Wellington*, 416 F.3d at 294. Nonetheless, the Court concludes that these facts fail to establish that Hsu's had the requisite minimum contacts with South Carolina. As Hsu's notes, these facts establish that Hsu's and Pharmline had a contractual relationship as supplier-distributor, respectively, and that Pharmline and Nutra had an independent contractual relationship to which Hsu's was not a party. (Hsu's Rep. Sup.

3

Mot. Dis. 3.) Pursuant to its contract with Pharmline, Hsu's shipped its product from Wisconsin to New York with no knowledge of where the product would subsequently be distributed. These contractual relationships indicate, at most, that Hsu's placed its products in the stream of commerce and that some of those products reached consumers in South Carolina. This simply does not rise to the level of minimum contacts with South Carolina. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987) ("[P]lacement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state."). Even if Hsu's could have foreseen that its products would find their way to South Carolina, it engaged in no conduct by which it purposefully availed itself of South Carolina's markets. *See Federal Ins. Co.*, 886 F.2d at 658 ("Foreseeability alone, however, has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause."). Thus, Pharmline has failed to meet its burden of making a *prima facie* showing that personal jurisdiction is proper.

In addition, the Court must reject Pharmline's argument that the Court may exercise general jurisdiction over Hsu's in this case. Because Pharmline has failed to show that Hsu's had sufficient minimum contacts with South Carolina for specific jurisdiction to exist, it has, *a fortiori*, failed to demonstrate that Hsu's has the even more substantial contacts required for general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-19 (1984).

Finally, Hsu's sales of products over the Internet do not subject it to personal jurisdiction in South Carolina. Although the decisions relating to the establishment of minimum contacts through commercial activity over the Internet are relatively few, courts which have examined this issue have concluded that "the critical issue for the court to analyze is the nature and quality of commercial activity conducted by an entity over the Internet in the forum state." *Cybersell, Inc. v. Cybersell,*

*Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (cited in *Brown v. Geha-Werke GmbH*, 69 F.Supp.2d 770, 778 (D.S.C. 1999)). Here, the record is absolutely devoid of evidence that Hsu's conducted commercial activity over the Internet in South Carolina. Thus, Pharmline has, once again, failed to demonstrate the Hsu's maintained the minimum contacts with South Carolina necessary for the exercise of personal jurisdiction under the Due Process Clause.[1]

## IV.   CONCLUSION

Based on the foregoing, the Court finds that Hsu's motion to dismiss Pharmline's third party complaint for lack of personal jurisdiction should be, and hereby is, **GRANTED**.[2]

**IT IS SO ORDERED.**

Signed this 27th day of October, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court finds that Hsu's lacks minimum contacts with South Carolina, it finds personal jurisdiction over Hsu's to be improper and does not address the second, or "fairness," prong used in personal jurisdiction analyses.

[2] The Court finds that the third party complaint should be dismissed because the Court lacks jurisdiction over Hsu's. Therefore, the Court does not reach Hsu's alternative argument that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).